UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Todd C. Morrison,
 plaintiff,

vs.

Theresa C. Lantz,
 defendant.

No. 3:02-CV-1146 (DFM)

24 October 2003

## Motion for Extension of Time to Complete Discovery

Pursant to Rule 6, Fed. Rule Civ. Proc. and local Rule 9(b), the plaintiff respectfully moves for an extension of 60 days, up to and including 31 December 2003, to complete all discovery.

The discovery process began on 25 April 2003, with the plaintiff's first request for production of documents. This request was followed on 15 May 2003, with his first set of interrogatories. From this date to mid-September, parties exchanged communications in an effort to resolve disputes and narrow the scope of discovery. To date there has been no production of documents or response to interrogatories.

By way of letter dated 11 September 2003, the defendant explained the "inability to complete... discovery." See attached. This letter also included an invitation to submit a settlement proposal. The plaintiff responded with his own letter, dated 1 October 2003.[1] Therein, he acknowledged the defendant's difficulties and agreed to continue working through the process. In agreeing further to submit a settlement proposal, the plaintiff acknowledged his own scheduling problems, in that he has a reply brief due in a matter related to his criminal conviction, <u>Morrison v. Sentence Review Division</u>, AC24310 (CT App. Ct.).

The plaintiff has since completed his reply brief (22 October 2003), and is now in the process of preparing a settlement proposal in this matter. However, the discovery deadline is about to run out. If it turns out that settlement is not possible, and the plaintiff has no reason to believe it is not, the defendant has still not replied to the discovery requests. Thus, the plaintiff will not have the necessary information, not to mention time, to prepare for summary judgment.

---

[1] Please note that there is no copy of this letter attached because the plaintiff was unable to obtain copies of it from the jailer before mailing it.

- 2 -

Furthermore, the plaintiff is an imprisoned pro se litigant, with very limited access to legal resources and no modern technology to aid him in his efforts.

This is the plaintiff's second request for an extension of time to complete the discovery process, and the third all together in this matter (one request was made by the defendant). Due to his imprisonment, the plaintiff has no way of ascertaining the defendant's position with regard to this Motion.

WHEREFORE, the circumstances described above, and the chance at a settlement in this matter, the plaintiff represents that a 60 day extension of the discovery period is reasonable, and asks this Court to so Order.

Respectfully Submitted
PLAINTIFF,

_____
Todd C. Morrison, pro se
MacDougall Corr. Inst.
1153 East Street South
Suffield, CT 06078

- 3 -

CERTIFICATION

I hereby certify that a copy of the foregoing motion was mailed to the following on this 24th 31st day of October 2003:

Steven R. Strom
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

_____
Todd C. Morrison, pro se

- 4 -



RICHARD BLUMENTHAL
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of The Attorney General
## State of Connecticut

Tel: (860) 808-5450
Fax: (860) 808-5591

September 11, 2003

Todd Morrison, Inmate No. 120871
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

Re:   **Todd Morrison vs. Theresa C. Lantz**
      No. 3:02CV1146(DFM)

Dear Mr. Morrison:

    I sincerely regret my inability to complete your discovery. The answers to Commissioner Lantz's interrogatories have been typed for about three (3) weeks, and I met with her to put in her final revisions. Unfortunately our office lost two support staff and our computers were infected with some virus that made the final edits impossible to complete. In addition, my case load is over 300 and I had two (2) emergency hearings in the past two (2) weeks. I have been asked to invite you to send me a settlement proposal while we continue to work on discovery. I know my problems do not seem serious to an individual who is incarcerated and has bigger problems, but I apologize for my delay in responding to you. I will get to it as soon as possible.

Very truly yours,

Steven R. Strom
Assistant Attorney General

SRS:lac