UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| TODD C. MORRISON | : |
| | : ~~PRISONER~~ |
| V. | : CIVIL NO. 3:02CV1146(DFM) |
| | : |
| THERESA C. LANTZ | : SEPTEMBER 1, 2005 |

### MOTION FOR JOINDER OF PARTIES
### AND MOTION TO REOPEN LAWSUIT

Plaintiff, Joao Q. Nunes, acting In Propria Persona, files this instant Motion For Joinder Of Parties and Motion To Reopen Lawsuit pursuant to Rule 18(a) and Rule 20(a) seeking to become a party member to the above entitled action. As grounds for these Motions, Plaintiff would state the following:

**I. HISTORY**

This action challenged the Department of Corrections (D.O.C.) policy prohibiting inmates from receiving publications, as defined by Administrative Directive (A.D.) 10.1, unless they have been paid for with funds from the inmates' Trust Fund Account (TFA). Under the defendant's challenged policy, inmates may not receive free or gift publications purchased for, or donated to them by any third party - whether family member, friend or charitable or governmental organization.

The above Plaintiff challenged this policy on the ground that it is violative of the First Amendment to the United States Constitution.

In order to result this lawsuit, the above parties entered into a Settlement Agreementon March 18, 2004.

In ¶3 of said Settlement Agreement "The defendant, on behalf of herself, her agents, successors and all other persons acting in concert with her, agrees to permit inmates to receive free publications, consistent with provisions of A.D. 10.7, ¶M, provided that the materials do not adversely affect a valid penological interest, effective the date the Court enters the Order of Dismissal pursuant to the parties' Rule 41 Stipulated Dismissal."

In ¶4 of said Settlement Agreement "The parties agree that except when precluded by any provision of the Administrative Directives, an inmate may receive free hardcover or paper bound publications and/or educational, legal, religious or other similar publications, provided the publications are in new condition, mailed directly from the publisher, book club or book store, and all other security and space limitation requirements as provided in A.D. 10.7, ¶M, 1-5, or other Administrative Directives are fully met."

In ¶6 of the Settlement Agreement "Any publication or educational materials received at any facility with an invoice requesting remittance shall be automatically rejected and returned to the sender at the inmate's expense."

In ¶7 of the Settlement Agreement "The defendant also sagrees that this policy clarification will be enforced within all D.O.C. facilities under the defendant's control and that notice of the policy clarification this Agreement establishes will be posted in all housing units and libraries..."

Finally, in ¶10 of the Settlement Agreement "In the

event that the defendant breaches the terms of this Agreement, the plaintiff may reinstate this lawsuit."

## II. PARTIES

### Plaintiff

1. Plaintiff, Joao (John) Q. Nunes, is and at all times pertinent herein has been a citizen of the United States and a resident of Cheshire, Connecticut as a sentenced inmate. Plaintiff is expected to be released at anytime between the date of this filing and May 30, 2006. Plaintiff is acting In Propria Persona.

### Defendant

2. Defendant, Theresa C. Lantz, is and at all times pertinent herein has been the Commissioner of the Connecticut Department of Corrections.

## III. STATEMENT OF FACTS

3. Plaintiff, during the period of his incarceration (36 months) has purchased over two hundred (200) books from Edward R. Hamilton, Bookseller, Falls Village, Connecticut. Ninety seven percent (97%) of these books were purchased, pre-paid by plaintiff's father (third-party) and sent to plaintif as a 'gift'. Aside from waiting well over forty five (45) days for 'mail review', plaintiff never, ever, encountered any difficulties with this method of purchase/ delivery by a 'third-party' to plaintiff as a 'gift'. All books were new, pre-paid, and from a legitimate/bona fide book store. At no time were any of the aforesaid books found to be objectionable or inappropriate content. many were technical and continuing education publications/books.

4. On August 8, 2005, plaintiff received a "Rejection Notification" from mail handler Rodriguez (Exhibit "A") stating "Book order placed/purchased by Alfredo Nunes. This is against directives. Inmate must place and pay for his own book orders."

5. On August 8, 2005, plaintiff appealed the "Rejection" to mail Handler Martinez and his supervisor, Lieutenant Soto (Exhibit "B"). In this appeal, plaintiff cited this case (<u>Morrison v. Lantz</u>) and requested that the books in question be held pending the appeal process.

6. On August 9, 2005, plaintiff sent a letter to Assistant Attorney General Steven R. Strom, defendant's counsel of record, via certified mail (Exhibit "C") requesting clarification. The letter was received (Exhibit "D") but counsel has not responded to plaintiff's request.

7. On August 17, 2005, Lt. Soto denied plaintiff's appeal and advised plaintiff that the books have been returned to sender (Exhibit "E"). In effect, Lt. Soto took it upon herself to act as Judge, Jury and Executioner and violated plaintiff's right to due process.

8. Plaintiff's appeal to Major Adgers was denied on August 18, 2005 (Exhibit "F").

9. On August 20, 2005, a second <u>and</u> seperate batch of books (9) purchased/ordered/pre-paid by plaintiff's cousin and sent to plaintiff as a gift was delivered to plaintiff (Exhibit G") by D.O.C. personnel. When inconsistencies were mentioned to D.O.C. worker, plaintiff was advised to keep quiet and to enjoy the mistake.

### IV. HARM TO PLAINTIFF

10. Defendant's disregard to the Settlement Agreement and the actions of defendant's subordinates in the mail room is the direct cause of several major chain bookstores refusing to fulfill any and all pre-paid book orders by inmates in Connecticut D.O.C. Institutions. They are tired of absorbing shipping and restocking charges as well as issuing refund checks for the returned books.

11. Plaintiff, housed at Cheshire's Protective Custody Unit per D.O.C.'s Administrative Policy, through no fault or activity on plaintiff's part, does not have access to legal publications, reading materials or any programs, relies on his family members to order, pre-pay and have the bookstore ship the publications and educational materials to plaintiff.

12. Defendant's actions demonstrate a total disregard to the Settlement Agreement.

### V. LEGAL CLAIMS

13. Defendant's actions/activities continue to be violative of plaintiff's rights as define in the First Amendment of the United States Constitution.

14. Defendant's actions/decision is violative of the Settlement Agreement between Todd C. Morrison and and Steven R. Strom counsel for the defendant on the 24th and 18th day of March, 2004.

15. Plaintiff has exhausted his appeal remedies. Lt. Soto pre-empted the appeal process by returning the books to sender prior to plaintiff's exhaustion of his appeal

process rights. These actions clearly show a total lack of respect to D.O.C. Administrative Directives, to inmates' extremely limited rights, towards this Honorable Court and to the spirit, logic and wording reflected in the negotiated Settlement Agreement.

## VI.  RELIEF SOUGHT

16. In the interest of judicial economy, plaintiff respectfully requests this Honorable Court to grant plaintiff's <u>MOTION FOR JOINDER OF PARTIES</u> in order to settle this issue once and for all.

17. In the interest of judicial economy, plaintiff respectfully requests this Honorable Court to grant plaintiff's <u>MOTION TO REOPEN LAWSUIT</u> in order to settle this issue properly and finally.

18. That eventually this Honorable Court will define a "gift" as applicable in the Settlement Agreement is as defined in Webster's Dictonary "1. something given voluntarily without payment in return. 2. the act of giving... 4. to present with agift." Also define "free" as defined by Webster's Dictionary as "14. at no cost or charge." Clearly, books purchased by a third party (in this case family members) and shipped by a book store to plaintiff without expectation of reimbursement by plaintiff have to be considered as a "gift" and "free" to plaintiff.

19. Grant plaintiff's Motions pursuant to Rule 18(a) and 20(a).

20. Grant such other and further relief as this Court

deems necessary and proper.

Dated this 1st day of September, 2005.

Respectfully Submitted,

_____
Joao Q. Nunes, Pro-Se
Cheshire C.I., #261808
900 Highland Avenue
Cheshire, CT  06410-1668
(203) 250-2600 x2053

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 1st day of September, 2005 via 1st Class U.S. Mail, postage pre-paid:

| | |
|---|---|
| Steven R. Strom, Esq.<br>Assistant Attorney General<br>MacKenzie Hall<br>110 Sherman Street<br>Hartford, CT  06105 | Todd C. Morrison, #120871<br>McDougal/Walker C.I.<br>1153 East Street<br>Suffield, CT  07078<br><br>CERTIFIED MAIL<br>7005 0390 0002 6764 3662 |

_____
Joao Q. Nunes, Pro Se

-7-

Exhibit "A"



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### Rejection Notification

Housing Unit: **N614**

Inmate Name: **JOAO NUNES**   Inmate Number: **261808**

DATE OF REJECTION: 8 AUGUST, 2005

Sender's name: Edward Hamilton Book Seller

Sender's Address: Falls Village, CT 06031

The enclosed letter or funds (is/are) being returned to you for the following reason(s):

**Letter:**
- ☐ Unauthorized enclosure, see comment section
- ☐ Unauthorized correspondent
- ☐ Other, see comment section

**Funds:**   Reference # _____   Amount $ _____
- ☐ Send money orders <u>ONLY</u> to Inmate Trust Fund, P.O. BOX – 290800, Wethersfield, CT 06129-0800
- ☐ Inmate number is not indicated on Money Order
- ☐ Cash and personal checks are not accepted
- ☐ Other, see comment section

The following package is being returned to you for the following reason(s):

- ☐ Contents are unauthorized for Inmates
- ☐ Contents are metal or contain metal components
- ☐ Inmate has not been approved by the school to receive external educational material
- ➢ <u>Order violates Administrative Directive 10.7</u>
- ☐ Other, see comment section

**Comments:** Book order placed/purchased by Alfredo Nunes. This is against directives. Inmate must place
And pay for his own book orders.

**Staff Member:** Ramirez   **Title:** Mail Handler

| | |
|---|---|
| **TO:** | Mail Handler Ramirez | **DATE:** 08.08.2005 |
| **CC:** | Lt. Soto |
| **FROM:** | I/M Joao Nunes, #261808   NB6/14 |
| **SUBJECT:** | Rejection Notification |

I am in receipt of your 'Rejection Notification' of 08.08.2005 where a shipment of books from Edward Hamilton Book Seller was rejected due to "Book order placed/purchased by Alfredo Nunes. This is against directives. Inmate must place and pay for his own book orders."

Please note that in a Settlement Agreement dated March 18, 2004 <u>Todd C. Morrison -v- Theresa C. Lantz</u>, U.S. District Court, District of Connecticut, (Civil No. 3:02CV1146(DFM)), in paragraphs 3,4,5 & 6, it clearly states that the books must be in new condition, pre-paid, and directly from the publisher. This is a Settlement Agreement which was signed by Assistant Attorney General Steven R. Strom.

Mr. Alfredo Nunes, my father, is on my visiting list and has pre-paid these books, none of which are in any way objectionable in content.

Could you please reconsider this matter and advise me as to your decision. If you should decide that you will not reconsider, please hold on to the books and allow me time to contact the Attorney General's Office for further clarification.

I look forward to your reply.

Exhibit

"B"

Exhibit

"C"

Joao Nunes, #261808
Cheshire C.I.
900 Highland Avenue
Cheshire, CT 06410

August 9, 2005

VIA CERTIFIED MAIL
7099 3400 0008 5945 1398

Steven R. Strom, Esq.
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

RE: Todd C. Morrison v. Thersa C. Lantz (3:02CV1146(DFM))

Dear Attorney Strom,

The purpose of this letter is to request clarification on the above Settlement Agreement which was signed by you on behalf of the State of Connecticut on March 18, 2004.

Recently, my father, who is on my visiting list, ordered books from Edward Hamilton, Book Seller, to be delivered to me at this facility. Over the past thirty five months, several hundred books were ordered by my father in this fashion and delivered to me in this fashion. They are always pre-paid, in new condition, from a reputable dealer and, never has any book found an any way objectionable (content or otherwise).

On those occasions where I place the order directly and have D.O.C. cut a check over $50.00, the process took over sixty (60) days to process the check and then the books sat in the mail room for over forty five (45) days before I received them. Whether I have the check sent from my inmate account (funded by my father), or have the check sent directly by my father to the exact same location, the only difference is in the sixty + days saved by having my father send the check and order directly.

According to the 'Agreement', I can have free publications sent in from publishers, religious organizations, Islamic books and teachings. Why would D.O.C. now, after thirty five months, reject books bought and paid by my father, from a publisher?

I look forward to your response/clarification. I am not looking to create an issue... just a clarification.

Sincerely,

Joao Nunes

Copy to:   File

Exhibit

"D"

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X [signature] | ☐ Agent<br>☐ Addressee |
| | B. Received by (Printed Name)<br>[Madonna] | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Steven R. Strom<br>Assistant Attorney General<br>MacKenzie Hall<br>110 Sherman Street<br>Hartford, CT  06105-2294 | D. Is delivery address different from item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☐ No | |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered       ☒ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes | |
| 2. Article Number<br>(Transfer from service label)    7099 3400 0008 5945 1398 | | |
| PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540 | | |



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
### South District Office
### 944 Highland Ave
### CHESHIRE, CONNECTICUT 06410

Exhibit "E"

To:   Nunes, Joao # 261808

From: Lt. Soto

Date: August 17, 2005

Subject: Books

---

I am in receipt of your correspondence dated August 8, 2005 regarding books. It clearly states in the settlement that books are to be purchase by the inmate. (See notice which is posted in your unit). The books in question were return to sender. If there is anything else I can help you with, please don't hesitate to write.

*An Equal Opportunity Employer*

From: Major Adgers                                  DATE: 08.16.2005

To: Joao Nunes, #261808  NB6/14

SUBJECT: REJECTION NOTIFICATION

I am writing to you at Captain Esposito's suggestion. On 08.08.05, I received a Rejection Notification from Mail Handler Ramirez in which he advised me that "Book order placed/purchased by Alfredo Nunes. This is against directives. Inmate must place and pay for his own book orders." I immediately appealed based on the Settlement Agreement signed by Assistant Attorney General Steven R. Strom on March 18, 2004. Mailhandler Ramirez replied "Mr. Nunes, you have the right to appeal this rejection to the Unit Administrator." Captain Esposito has attempted to resolve this matter without success, C.T.O. Martinez, through C.S. Trapasso has attempted to resolve this, again w/o success. From what I've been told verbally refuses to reconsider, thus this memorandum to you.

I call to your attention the Settlement Agreement of March 18, 2004, Todd C. Morrison -v- Theresa C. Lantz, U.S. District Court, District of Connecticut, (3:02CV1146(DFM)), in ¶3 "The defendant, on behalf of herself, her agents, employees, successors and all other persons acting in concert with her, agrees to permit inmates to receive free publications consistent with the provisions of A.D. 10.7, ¶M, provided that the materials do not adversely affect a valid penological interest...", in ¶4 "The parties agree that except when precluded by any provision of the Administrative Directives, an inmate may receive free hardcover or paperbound publications and/or educational, legal, religious or other similar publications, provided the publications are in new condition, mailed directly from a publisher, book club or book store...."
In paragraph seven (7) it states that this "policy clarification will be enforced within all D.O.C. facilities..." and "...that all wardens, correctional officers, mailroom personnel and other staff will be instructed on this policy permitting free publications."
Over the past thirty five (35) months, my father has successfully ordered and sent me over two hundred and fifty (250) books from Edward Hamilton Booksellers without any incident. At no time has any book/publication been found to be inappropriate or offensive.

Exhibit "F"

Rejection Appeal
Major Adgers
Page -2-

These books, once read, are shared and then either sent to my my parent's home or donated to the NB5&6 library.

These books in question, were ordered and paid by my father, including shipping and CT sales tax and were sent to me as a gift/free. Please note that my father is also on my visitor's list.

I would gladly provide you with the copies of the Rejection Notification, my requests to Captain Esposito, Lt. Soto and all previous successful orders/deliveries, but I am charged 25¢ for each copy by the counselor.

I thank you for your time and attention to this matter and look forward to hearing from you.

Respectfully,

[signature]

Mr. Nunes,

Be advised that books purchased by your father does not count as "Free Publications" as stated in the settlement. Therefore, I uphold the decision and standard duty noted. Appeal denied.

[signature] Major 8/18/05

cc: Major Quiros
    Unit Manager Esposito
    C/S Trapasso
    Mail Room Staff
    File

# NOTICE TO THE INMATE POPULATION

In accordance with Administrative Directive 10.7, Inmate Communications, all requests for ordering books, magazines, newspapers, educational materials or periodicals must be processed through the school principal or other person as designated by the Unit Administrator who shall determine that the inmate is able to pay for such material(s). If approved, providing funds are available, a check or money order will be withdrawn from the inmate's account and included with the order. Inmates may order hardcover books in new condition only from a publisher, book club or book store. As always, all incoming publications or materials will be reviewed under the review procedures set forth in A.D. 10.7 to determine if the incoming materials adversely affect a valid penological interest prior to dissemination. All non-questionable publications shall be issued without undue delay. Any publications deemed questionable shall be held for review by the Publication Review Board.

Free publications from a publisher, book club, book store, or charitable, non-profit, religious, legal or educational organizations shall be allowed if the identity of the sender is clearly identified on the publication, and if the publication is mailed directly from the publisher, book club or book store. All incoming items will be reviewed, as stated above in accordance with A.D. 10.7, ¶M, 1-5.

As always, all other security and space limitation requirements must be met. See A.D. 6.10 for property limitations.

This becomes effective March 31, 2004.

Brian K. Murphy
Deputy Commissioner

Dated at Hartford, CT this ___ day of March, 2004.

# EDWARD R. HAMILTON
## *Bookseller*
Falls Village, CT 06031-5000

8 ||||||||||||||      97996831      9

```
12543365          BATCH 16018192
Joao Nunes
#261808 CCI
900 Highland Ave
Cheshire, CT 06410-1668

ORDER RECEIVED: 8/6/2005                    12-09
AMOUNT PREPAID: $39.22
  ITEMS ORDERED:   10
  ITEMS SHIPPED:    9


THE FOLLOWING ITEMS HAVE BEEN SHIPPED:

1-65   1 16D2-C   All the Beautiful Sinners              2.95  508864X
1-62   1 19W5-C   Paranoia, Finder                       3.95  4267362
1-53   1 22B5-C   Last Days, Rosenberg                   2.95  4267427
1-02   1 22X1-C   Chronospace, Steele                    2.95  5018250
1-19   1 27A3-C   Kelly's People                         2.95  4221672
1-32   1 27B5-C   Grave Secrets, Reichs                  3.95  3225399
1-46   1 53X3-C   Honey Trap, Egleton                    1.95  4021118
0-65   1 54B2-P   Florida, Seventh Edition: Off the Beaten  3.95  5034019
1-65   1 55W1-C   Liberty, Coonts                        3.95  4030117

       A REFUND CHECK WILL BE SENT FOR THE ITEM BELOW:

       1 XXXX-C   Dr. Death, Kellerman                   3.95  5101549

                          Postage and Handling $3.50
                          Connecticut Sales Tax $2.22
```

Exhibit

"G"

If ITEMS ORDERED and ITEMS SHIPPED shown above agree, your order is complete. If any items were not shipped, a second shipment and/or a refund by bank check will be made as soon as possible, but in no case later than 60 days. If all items were shipped but a credit was due you, a refund check has been mailed to you separately.

```
Joao Nunes
#261808 CCI
900 Highland Ave
Cheshire, CT 06410-1668
```

If you receive a damaged, defective, or incorrect item please do NOT return it. Just let us know what is wrong and we will correct it. You may return any item for a refund of its purchase price. You pay only the postage.